UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL, CDCR #H-38255,<br><br>                                    Plaintiff,<br><br>vs.<br><br>KATHLEEN ALLISON; Director of Adult Institutions (CDCR); CHARLES RICHEY, Community Resource Manager (CRM) of Religious Programs; DAVID SKAGGS, Community Resource Manager (CRM) of Religious Programs; R. BROWN, Community Resource Manager (CRM) of Religious Programs for RJDCF; LAURIE MAURINO, Food Administrator for Food/Nutrition (CDCR); L. ESHELMAN, Asst. Food Manager at RJD (CDCR); F. HADJADJ, Jewish Chaplain,<br><br>                                    Defendants. | Case No.: 3:21-cv-00935-WQH-NLS<br><br>**ORDER:**<br><br>**1)  SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A**<br><br>**AND**<br><br>**2)  GRANTING REQUEST FOR SUMMONS AND WAIVER OF SERVICE FORMS PURSUANT TO Fed. R. Civ. P. 4(b), (d)(1)**<br><br>**[ECF No. 15]** |

HAYES, Judge:

## I.     Procedural History

Plaintiff John Edward Mitchell, currently incarcerated at California State Prison, Sacramento, in Represa, California, is proceeding *pro se* in this civil action filed pursuant to 42 U.S.C. § 1983. *See* ECF No. 1 ("Compl."). Mitchell is Muslim and alleges California

1

Department of Corrections and Rehabilitation ("CDCR") and prison officials at Richard J. Donovan Correctional Facility ("RJDCF") in San Diego violated his First and Fourteenth Amendment rights in 2017 while he was incarcerated there by discontinuing and failing to honor his request for a religious diet during Ramadan. *See* Compl. at 4–11. Mitchell claims he sought and exhausted all administrative remedies available to him prior to filing suit, seeks reimbursement of costs and $50,000 in damages from each Defendant, and demands a jury trial. *Id.* at 12, 13.

Mitchell paid the $402 filing fee required by 28 U.S.C. § 1914(a) to commence a civil action on August 26, 2021. *See* ECF No. 13, Receipt No. CAS132166. Therefore, unlike most *pro se* prisoner litigants, Mitchell does not seek leave to proceed in forma pauperis ("IFP") in this action pursuant to 28 U.S.C. § 1915(a).[1] He has, however, filed a Request for Waiver of Service Forms pursuant to Fed. R. Civ. P. 4(d)(1). *See* ECF No. 15.

## II.     Screening of Complaint pursuant to 28 U.S.C. § 1915A

As a preliminary matter, the Court has conducted an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, because he is a prisoner and seeks "redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A(a). Section 1915A "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental

---

[1] Mitchell is no longer entitled to proceed IFP because he has had, while incarcerated, more than three civil actions or appeals dismissed as frivolous, malicious, or for failing to state a claim. *See* 28 U.S.C. § 1915(g); *Mitchell v. Allison, et al.*, Civil Case No. 3:21-cv-00138-TWR-LL (S.D. Cal. March 18, 2021) (ECF No. 4); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (district court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

entity, officer, or employee. *See, e.g. Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000). "On review, the court shall … dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (quoting 28 U.S.C. § 1915A(b)).

The Court finds Plaintiff's Complaint contains First Amendment free exercise and Fourteenth Amendment equal protection allegations sufficient to survive the "low threshold" set for sua sponte screening. *See* 28 U.S.C. § 1915A(b); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121, 1123 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"); *Hartmann v. Cal. Dept. of Corr. and Rehab.*, 707 F.3d 1114, 1122–25 (9th Cir. 2013) (setting out pleading requirements for prisoner's First Amendment free exercise of religion and Fourteenth Amendment equal protection claims); *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994) (to implicate the Free Exercise Clause, a prisoner must allege that the belief at issue is both "sincerely held" and "rooted in religious belief."); *Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008) (noting that the "sincerity test," not the "centrality test," applies to a free exercise analysis); *see also Sprouse v. Ryan*, 346 F. Supp. 3d 1347 (D. Ariz. 2017) ("With respect to religious diets, prisoners 'have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion.'") (quoting *McElyea v. Babbitt*, 833 F.2d 196, 198 (9th Cir. 1987)).

### III. Request for Waiver of Service Forms

In addition, Mitchell has filed a request for waiver of service forms pursuant to Fed. R. Civ. P. 4(d)(1) (ECF No. 15). Absent a specific request and court order that the U.S. Marshal effect service on their behalf pursuant to Fed. R. Civ. P. 4(c)(3), persons who prepay civil filing fees "remain[] responsible for timely service." *See Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S.

97, 104 (1987) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

### III. Conclusion and Order

Because Mitchell is not entitled to U.S. Marshal service pursuant to 28 U.S.C. § 1915(d), and he remains "responsible for having the summons and complaint served" now that his pleading has survived the sua sponte screening required by 28 U.S.C. § 1915A, the Court **GRANTS** his request for waiver of service forms (ECF No. 15) pursuant to Fed. R. Civ. P. 4(c)(1) and (d)(1).

The Court further **DIRECTS** the Clerk of the Court to issue a summons upon Defendants Allison, Richey, Skaggs, Brown, Maurino, Eshelman, and Hadjadj pursuant to Fed. R. Civ. P. 4(b), and to provide Mitchell with a conformed copy of his Complaint (ECF No. 1) and fourteen (14) Waiver of Service of Summons Forms so that he may execute service of his Complaint by notifying Defendants that an action has been commenced against them and by requesting that each Defendant waive personal service pursuant to Fed. R. Civ. P. 4(d)(1).[2]

Mitchell must properly execute service upon each Defendant within 90 days of this Order[3] either by filing with the Clerk of the Court an executed waiver on behalf of each

---

[2] Because Mitchell is incarcerated, the Court presumes he is unable to access the Waiver of Service of Summons (AO 399) Forms he requests directly from the Court's website. *See* https://www.casd.uscourts.gov/_assets/pdf/forms/Waiver%20of%20Service%20of%20Summons.pdf. Pursuant to Fed. R. Civ. P. 4(d)(1), Mitchell must provide by "first-class mail or other reliable means," a copy of his Complaint, two (2) copies of the waiver forms provided, and a prepaid means for returning the waiver form to each Defendant. *See* Fed. R. Civ. P. 4(d)(1).

[3] The Court tolls Rule 4(m)'s service clock while it conducts its mandatory screening duties pursuant to 28 U.S.C. § 1915A. *See Butler v. Nat'l Cmty. Renaissance of California,* 766 F.3d 1191, 1204 n.8 (9th Cir. 2014) (noting that "[o]ther federal circuit courts of appeals have held that the [90]–day service period is tolled until the court screens a plaintiff's in forma pauperis complaint and authorizes service of process") (citing *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010); *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451,

named Defendant, or by filing proof of personal service of both the Complaint and summons upon each Defendant pursuant to Fed. R. Civ. P. 4(*l*) should that Defendant fail to sign and return the waiver he requests.

Should Mitchell fail to properly execute service within 90 days, the Court will order him to show cause why his case should not be dismissed without prejudice based on his failure to prosecute pursuant to Fed. R. Civ. P. 4(m).[4]

**IT IS SO ORDERED**.

Dated:  September 30, 2021

Hon. William Q. Hayes
United States District Court

---

459 (3d Cir. 1996)); *see also Much v. Langston*, No. CV 16-0863 VAP (SS), 2018 WL 5905827, at *7 (C.D. Cal. Oct. 23, 2018) ("In cases where a court is required to screen a complaint before it may be served, it is generally accepted that the service deadline prescribed by Rule 4(m) does not begin to run until the date the court authorizes service of the complaint."), *report and recommendation adopted*, No. CV 16-0863 VAP (SS), 2018 WL 5906044 (C.D. Cal. Nov. 9, 2018).

[4] Should Defendants fail, without good cause, to sign and return the waivers Mitchell requests, they will be responsible for the costs he later incurs in making personal service, and regardless of whether they ultimately prevail. *See* Fed. R. Civ. P. 4(d)(2); *Est. of Darulis v. Garate*, 401 F.3d 1060, 1064 (9th Cir. 2005). Should Defendants timely waive service, however, they need not serve an answer to Mitchell's Complaint until 60 days after the request was sent. *See* Fed. R. Civ. P. 4(d)(3); 42 U.S.C. § 1997e(g)(2) (while defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that the plaintiff has a "reasonable opportunity to prevail on the merits," defendants are required to respond).